## ARMITAGE v. FORT WORTH & DENVER CITY RY. CO.

### No. 4089.

Court of Civil Appeals of Texas. Amarillo.

Nov. 11, 1933.

Rehearing Denied Nov. 29, 1933.

See, also, 39 S.W.(2d) 108.

Fred E. Young and E. O. Northcutt, both of Amarillo, for appellant.

Thompson & Barwise, of Fort Worth, and Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

HALL, Chief Justice.

This is the second appeal of this cause. When the case was first tried, Armitage recovered a judgment. Upon appeal that judgment was reversed, and a writ of error was refused by the Supreme Court October 7, 1931. The pleadings of neither party have been amended since the first trial. The testimony introduced in behalf of the appellant is practically the same evidence which was considered before. In accordance with the instructions of the court, the jury returned a verdict in favor of the railway company, and, from the judgment entered on the verdict, Armitage appeals.

The first proposition is that the court erred in instructing the jury to return a verdict for the defendant railway company, because to do so was, in effect, charging the jury that there was no negligence on the part of the company or its agents in leaving the door on the north side of the train open, unguarded, and unattended.

By the second proposition appellant insists that the court erred in directing a verdict, because in so doing it held, as a matter of law, that there was no negligence on the part of the defendant or its agents which caused the injuries of the plaintiff, which is a question of fact for the jury.

Neither of these propositions submits any matter which was not considered in deciding the case upon the first trial. In the former opinion we held that the door being open on the north side of the train opposite the station was not, under all the circumstances, an invitation to Armitage to alight from that side while the train was moving.

The only additional testimony offered by Armitage which the record did not contain on the first appeal was the testimony of a negro porter who testified that ordinarily the doors opening into the vestibules from the outside are closed before the train starts, and he further testified that the north door was closed on this occasion. This part of his testimony is contradicted by Armitage. Accepting the testimony as being true in behalf of Armitage, he still would not be entitled to recover. According to Armitage's

evidence, he had entered the smoking car, had selected a seat five or six feet from the platform, and commenced to read his paper when the train started. It was then that he remembered having left his overcoat in the depot. He had bought a ticket to Dalhart. The relation of carrier and passenger existed. Under such circumstances, the element of foreseeableness is not in the case. The company's agents would not reasonably expect a passenger who had boarded the train for a distant station to wait until it commenced to leave the station and then alight on the wrong side without notifying any one of the servants operating the train, especially when he testified that he knew how to open the door of the vestibule on the south side where the depot platform was sufficiently lighted to enable passengers to get on and off the train. There is no evidence that any passenger had ever alighted from the train in that way or in that part of the yard at night, and the defendant owed the plaintiff no duty to keep its yards on the north side of the train illuminated for the benefit of the plaintiff. If plaintiff desired to end the relation of carrier and passenger, the duty rested upon him to notify the conductor, brakeman, or porter that he wanted to disembark. This he failed to do.

For the sake of brevity, we will not undertake to again set out the issues as made by the pleadings and to detail the evidence elicited from the several witnesses. This was all done in disposing of the case upon the first trial, and we refer to our former opinion in 39 S.W.(2d) 108, for a further statement of the case and the authorities supporting our conclusion. While the personnel of the witnesses is not the same during both trials, there is no material difference between the important facts proven.

The judgment of the trial court is affirmed.